# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

In re: LEONARD, RIVERSON SAMUEL, JR.  §  Case No. 8:15-bk-06893-KRM
                                       §
                                       §
Debtor(s)                              §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under Chapter 7 of the United States Bankruptcy Code was filed on July 01, 2015.  The undersigned trustee was appointed on July 02, 2015.

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554.  An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A.**

4.  The trustee realized the gross receipts of     $_____20,000.00

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim distribution | 0.00 |
| Administrative expenses | 0.00 |
| Bank service fees | 0.00 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of [1]   $ | 20,000.00 |

The remaining funds are available for distribution.

5.  Attached as **Exhibit B**  is a cash receipts and disbursements record for each estate bank account.

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category.  The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (05/1/2011)**

6.  The deadline for filing  non-governmental claims in this case was 11/04/2015 and the deadline for filing governmental claims was 12/28/2015.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C** .

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $2,750.00.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $2,750.00, for a total compensation of $2,750.00.[2] In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $46.29, for total expenses of $46.29.[2]

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 05/23/2016             By: /s/Stephen L. Meininger
                                  Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D)

**UST Form 101-7-TFR (05/1/2011)**

Exhibit A

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Page: 1

| | |
|---|---|
| **Case Number:** 8:15-bk-06893-KRM | **Trustee:** (290380) Stephen L. Meininger |
| **Case Name:** LEONARD, RIVERSON SAMUEL, JR. | **Filed (f) or Converted to (c):** 07/01/15 (f) |
| | **§341(a) Meeting Date:** 08/06/15 |
| **Period Ending:** 05/23/16 | **Claims Bar Date:** 11/04/15 |

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | CASH ON HAND | 500.00 | 0.00 | | 0.00 | FA |
| 2 | CHECKING FIFTH THIRD BANK | 90.00 | 0.00 | | 0.00 | FA |
| 3 | SAVINGS FIFTH THIRD BANK | 400.00 | 0.00 | | 0.00 | FA |
| 4 | WEARING APPAREL | 100.00 | 0.00 | | 0.00 | FA |
| 5 | FITBIT | 80.00 | 0.00 | | 0.00 | FA |
| 6 | MINARET FILMS LLC (u) | Unknown | 0.00 | | 0.00 | FA |
| 7 | COMMON SHARES OF SILICON VALLEY INNOVATION CO. (u) | 0.00 | 0.00 | | 0.00 | FA |
| 8 | CLAIM OF LIEN OF BOAT "TAKIN IT EASY", HULL | 17,000.00 | 0.00 | | 0.00 | FA |
| 9 | 1986 MERZEDES BENZ 560SEC | 1,000.00 | 0.00 | | 0.00 | FA |
| 10 | OTHER PERSONAL PROPERTY OF ANY KIND (u) | 500.00 | 0.00 | | 0.00 | FA |
| 11 | WEARING APPAREL (u) | 100.00 | 0.00 | | 0.00 | FA |
| 12 | ADV. PRO. 15-1051 (u)<br>AGAINST DEBTOR & DEBTOR, P.A. | 0.00 | 20,000.00 | | 20,000.00 | FA |
| **12** | **Assets    Totals (Excluding unknown values)** | **$19,770.00** | **$20,000.00** | | **$20,000.00** | **$0.00** |

**Major Activities Affecting Case Closing:**

Application To Approve Employment of Attorney filed on 8/26/15; Order Authorizing Employment of Attorney entered on 8/26/15; Objection To Claim Of Exemptions filed on 9/25/15; Petition For Administration (testate Florida resident - single petitioner) filed in the Estate of Samuel Leonard filed on 9/28/15 in the Circuit Court for Pinellas County, Florida Probate Division (filed by Trenam Kemker - attorney for petitioner) - Debtor entitled to $20,000.00 and residual in trust (no spendthrift casue so Trustee taking postition it is property of the estate); Order Withholding Entry Of Discharge entered on 10/27/15; Adv. Pro. 15-1051 filed against Riverson Samuel Leonard, Jr. and Riverson Samuel Leonard, Personal Representative on 12/3/15; Alias Summons In An Adversary Proceeding for Adv. Pro. 15-1051; Order Sustaining Trustee's Objection To Claim Of Exemption entered on 12/21/15; Motion To Approve Compromise Of Controversy With Probate Estate Of R. Samuel Leonard, Riverson S. Leonard, Jr. As Personal Representative, And Riverson S. Leonard, Jr., Indiviually filed and served on the matrix on 3/2/16; Order Granting Motion To Approve Compromise Of Controversy With Probate Estate Of R. Samuel Leonard, Riverson S. Leonard. Jr. As Personal Representative, And Riverson S. Leonard, Jr. Individually entered on 4/13/16;

Exhibit A

Page: 2

# Form 1

## Individual Estate Property Record and Report
## Asset Cases

| | |
|---|---|
| **Case Number:** 8:15-bk-06893-KRM | **Trustee:** (290380) Stephen L. Meininger |
| **Case Name:** LEONARD, RIVERSON SAMUEL, JR. | **Filed (f) or Converted (c):** 07/01/15 (f) |
| | **§341(a) Meeting Date:** 08/06/15 |
| **Period Ending:** 05/23/16 | **Claims Bar Date:** 11/04/15 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| **Asset Description**<br>**(Scheduled And Unscheduled (u) Property)**<br><br>Ref. # | **Petition/**<br>**Unscheduled**<br>**Values** | **Estimated Net Value**<br>**(Value Determined By Trustee,**<br>**Less Liens, Exemptions,**<br>**and Other Costs)** | **Property**<br>**Abandoned**<br>**OA=§554(a)** | **Sale/Funds**<br>**Received by**<br>**the Estate** | **Asset Fully**<br>**Administered (FA)/**<br>**Gross Value of**<br>**Remaining Assets** |

**Initial Projected Date Of Final Report (TFR):** December 31, 2016          **Current Projected Date Of Final Report (TFR):** December 31, 2016

Exhibit B

# Form 2

## Cash Receipts And Disbursements Record

Page: 1

| Case Number: | 8:15-bk-06893-KRM | | Trustee: | Stephen L. Meininger (290380) |
|---|---|---|---|---|
| Case Name: | LEONARD, RIVERSON SAMUEL, JR. | | Bank Name: | Rabobank, N.A. |
| | | | Account: | ******4366 - Checking Account |
| Taxpayer ID #: | **-***5568 | | Blanket Bond: | $40,144,000.00 (per case limit) |
| Period Ending: | 05/23/16 | | Separate Bond: | N/A |

| 1 Trans. Date | 2 {Ref #} / Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Checking Account Balance |
|---|---|---|---|---|---|---|---|
| 05/06/16 | {12} | TRENAM LAW | Order Granting Motion To Approve Compromise dated 4/13/16 | 1229-000 | 20,000.00 | | 20,000.00 |
| | | | **ACCOUNT TOTALS** | | **20,000.00** | **0.00** | **$20,000.00** |
| | | | Less: Bank Transfers | | 0.00 | 0.00 | |
| | | | **Subtotal** | | **20,000.00** | **0.00** | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | **NET Receipts / Disbursements** | | **$20,000.00** | **$0.00** | |

| | |
|---|---|
| Net Receipts : | 20,000.00 |
| Net Estate : | $20,000.00 |

| | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| **TOTAL - ALL ACCOUNTS** | | | |
| **Checking # ******4366** | **20,000.00** | **0.00** | **20,000.00** |
| | **$20,000.00** | **$0.00** | **$20,000.00** |

{} Asset reference(s)

# Middle District of Florida
# Claims Register

## 8:15-bk-06893-KRM Riverson Samuel Leonard, Jr.

**Judge:** K. Rodney May      **Chapter:** 7
**Office:** Tampa      **Last Date to file claims:** 11/04/2015
**Trustee:** Stephen L Meininger      **Last Date to file (Govt):**

| *Creditor:* (25640943) Pinellas County Tax Collector PO Box 4006 Seminole, FL 33775-4006 | **Claim No: 1** *Original Filed Date*: 07/09/2015 *Original Entered Date*: 07/09/2015 | *Status:* *Filed by:* CR *Entered by:* Pinellas County Tax Collector (RE) *Modified:* |
|---|---|---|

| Amount | claimed: | $6510.01 | | ‖ |
|---|---|---|---|---|
| Secured | claimed: | $6510.01 | | ‖ |

*History:*

| Details | ⊙ | 1-1 | 07/09/2015 | Claim #1 filed by Pinellas County Tax Collector, Amount claimed: $6510.01 (Pinellas County Tax Collector (RE)) |
|---|---|---|---|---|

*Description:* (1-1) 2015 Estimated Real Estate Tax

*Remarks:*

| *Creditor:* (25806781) Synovus Bank c/o Philip A. Bates, P.A. 25 West Cedar St., Ste. 550 Pensacola, FL 32502 | **Claim No: 2** *Original Filed Date*: 11/04/2015 *Original Entered Date*: 11/04/2015 | *Status:* *Filed by:* CR *Entered by:* Sarah S Walton *Modified:* |
|---|---|---|

*No amounts claimed*

*History:*

| Details | ⊙ | 2-1 | 11/04/2015 | Claim #2 filed by Synovus Bank, Amount claimed: (Walton, Sarah ) |
|---|---|---|---|---|

*Description:* (2-1) Tortious Interference, Slander of Title, Civil Theft and Conversion

*Remarks:* (2-1) Amount Unknown

| Creditor:       (25655450)<br>Department of the Treasury<br>Internal Revenue Service<br>PO Box 21126<br>Philadelphia, PA 19114-0326 | **Claim No: 3**<br>*Original Filed Date*: 12/23/2015<br>*Original Entered Date*: 12/23/2015 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Internal Revenue Service<br>*Modified:* |

Exhibit C

| Amount | claimed: | $899153.38 | | ||| |
|---|---|---|---|---|
| Secured | claimed: | $897907.33 | | ||| |
| Priority | claimed: | $1227.74 | | ||| |

*History:*

| Details | ⊙ | 3-1 | 12/23/2015 | Claim #3 filed by Department of the Treasury, Amount claimed: $899153.38 (Internal Revenue Service) |
|---|---|---|---|---|

*Description:*

*Remarks:*

# Claims Register Summary

**Case Name:** Riverson Samuel Leonard, Jr.
**Case Number:** 8:15-bk-06893-KRM
**Chapter:** 7
**Date Filed:** 07/01/2015
**Total Number Of Claims:** 3

| **Total Amount Claimed*** | $905663.39 |
|---|---|
| **Total Amount Allowed*** | |

*Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | **Claimed** | **Allowed** |
|---|---|---|
| **Secured** | $904417.34 | |
| **Priority** | $1227.74 | |
| **Administrative** | | |

Exhibit C

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/23/2016 10:43:14 | | | |
| **PACER Login:** | mm0192:2599267:0 | **Client Code:** | |
| **Description:** | Claims Register | **Search Criteria:** | 8:15-bk-06893-KRM Filed or Entered From: 1/1/1985 Filed or Entered To: 5/23/2016 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 8:15-bk-06893-KRM
Case Name: LEONARD, RIVERSON SAMUEL, JR.
Trustee Name: Stephen L. Meininger

**Balance on hand:**           $           20,000.00

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 1 | Pinellas County Tax Collector | 6,510.01 | 0.00 | 0.00 | 0.00 |
| 3S | Department of the Treasury | 897,907.33 | 897,907.33 | 0.00 | 7,406.57 |

Total to be paid to secured creditors:   $        7,406.57
Remaining balance:   $       12,593.43

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Stephen L. Meininger | 2,750.00 | 0.00 | 2,750.00 |
| Trustee, Expenses - Stephen L. Meininger | 46.29 | 0.00 | 46.29 |
| Attorney for Trustee, Fees - Allan C. Watkins, Esq. | 9,372.50 | 0.00 | 9,372.50 |
| Attorney for Trustee, Expenses - Allan C. Watkins, Esq. | 74.64 | 0.00 | 74.64 |
| Charges, U.S. Bankruptcy Court | 350.00 | 0.00 | 350.00 |

Total to be paid for chapter 7 administration expenses:   $       12,593.43
Remaining balance:   $        0.00

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses:   $        0.00
Remaining balance:   $        0.00

**UST Form 101-7-TFR (05/1/2011)**

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $1,227.74 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 3P | Department of the Treasury | 1,227.74 | 0.00 | 0.00 |

Total to be paid for priority claims: $        0.00

Remaining balance: $        0.00

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | Synovus Bank | 0.00 | 0.00 | 0.00 |

Total to be paid for timely general unsecured claims: $        0.00

Remaining balance: $        0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full.  The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardy general unsecured claims: $        0.00

Remaining balance: $        0.00

**UST Form 101-7-TFR (05/1/2011)**

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 18.31 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 3U | Department of the Treasury | 18.31 | 0.00 | 0.00 |

Total to be paid for subordinated claims: $ _____ 0.00

Remaining balance: $ _____ 0.00